FILED
CLERK, U.S. DISTRICT COURT

DEC -5 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BWP MEDIA USA INC., | NO. CV 13-4851-E |
| Plaintiff, | |
| v. | ORDER OF DISMISSAL |
| GOODREADS, INC., | |
| Defendant. | |

Plaintiff filed this action on July 5, 2013. Plaintiff did not file a proof of service of the Summons and Complaint within 120 days thereafter.

On November 7, 2013, the Magistrate Judge filed an "Order to Show Cause" ("OSC"). The OSC required that Plaintiff file a declaration within twenty (20) days of November 7, 2013, showing good cause, if there be any, why service of the Summons and Complaint was not made upon Defendant within 120 days after the filing of the Complaint. The OSC warned Plaintiff that failure to comply with the OSC or failure to demonstrate good cause might result in the dismissal of the action

without prejudice. Nevertheless, Plaintiff failed to respond to the OSC within the allotted time.

Under Rule 4(m) of the Federal Rules of Civil Procedure, the Court may dismiss an action without prejudice if the summons and complaint are not served on the defendant within 120 days after filing the complaint or within the time specified by the Court. Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007). Rule 4(m) requires a court to extend the time for service if a plaintiff shows good cause for the failure to serve. "At a minimum, 'good cause' means excusable neglect." Bourdette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1991). Here, Plaintiff has not shown good cause for its failure to effect timely service on the Defendant.

A court has "broad discretion" to extend the time for service under Rule 4(m), even absent a showing of good cause. See Efaw v. Williams, 473 F.3d at 1040-41; see also United States v. 2,164 Watches, More or Less, Bearing a Registered Trademark of Guess?, Inc., 366 F.3d 767, 773 (9th Cir. 2004) (Rule 4(m) gives courts "leeway to preserve meritorious lawsuits despite untimely service of process"). A court may consider various factors including prejudice to the defendant, actual notice, a possible limitations bar, and eventual service. Efaw v. Williams, 473 F.3d at 1041. Any such dismissal should be without prejudice. See id. at 772.

In the present case, Plaintiff's failure to comply with the OSC renders an evaluation of these factors somewhat speculative. There is no evidence the Defendant has actual notice of this action. The

possible prejudice to the Defendant resulting from the delay is unknown, as is the impact of dismissal on a possible future limitations bar. There is no indication when, if ever, Plaintiff eventually would effect service. Dismissal without prejudice under Rule 4(m) would appear to be appropriate in the present case.

In addition to dismissing this action for failure to effect timely service, the action is appropriately dismissed for failure to prosecute. Plaintiff failed to file a timely declaration, despite a Court order that Plaintiff do so. The Court has inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute. See Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962).

For all of the foregoing reasons, it is ordered that the action is dismissed without prejudice.

DATED: 12/05/13.

_____
GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE